UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| AUDREY HENSLER, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>16-CV-3445 (MKB) |
| v. | |
| NEW YORK STATE DEPARTMENT OF<br>ENVIRONMENTAL CONSERVATION and<br>TAMARA A. GRECO, | |
| Defendants. | |

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Audrey Hensler, proceeding *pro se*, filed the above-captioned action pursuant to 42 U.S.C. § 1983 on June 14, 2016 in the United States District Court for the Southern District of New York, (Compl., Docket Entry No. 2), along with a request for a Temporary Restraining Order ("TRO") and a proposed Order to Show Cause for a Preliminary Injunction, (Proposed Order to Show Cause ("OSC"), Docket Entry No. 3). The case was transferred to this Court on June 23, 2016. (Docket Entry No. 6.) Plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's request for an order to show cause seeking immediate injunctive relief is denied. For the reasons set forth below, the Complaint is dismissed. Plaintiff is granted thirty (30) days to submit an amended complaint.

**I. Background**

According to Plaintiff, she inherited real property at 401 Paterson Avenue, Staten Island, NY, which has been in her family's possession since 1938. (Compl. ¶ 10; OSC 2.) On November 20, 2015, she sought approval to construct a building on the property from Defendant the New York State Department of Environmental Conservation (the "DEC"). (Compl. ¶ 14.)

Plaintiff asserts that Defendant Tamara A. Greco, an analyst from the DEC, initially determined that "the proposed usable yard space appear[ed] to be impractical." (*Id.* ¶ 16.) On June 2, 2016, the DEC denied Plaintiff's permit application in a letter signed by Regional Permit Administrator Stephen A. Watts III (the "Denial Letter"). (*Id.* ¶ 23; Denial Letter 6, annexed to Compl. as Ex. F.) Plaintiff alleges that a neighboring property with similar characteristics received approval from the DEC for a new structure within the past year. (Compl. ¶ 24.)

Plaintiff asserts that Defendants violated her substantive due process, procedural due process and equal protection rights and her Fifth Amendment rights, as applied to the states through the Fourteenth Amendment, by engaging in a regulatory taking of private property without just compensation. (*Id.* ¶¶ 24, 35–38.)

In support of her request for a TRO, Plaintiff states that she and her two children are destitute and that she needs the proceeds of the inherited property "to take care of and raise her two children." (OSC 2.) She states that, "[b]y not allowing this lot to be approved, [Plaintiff] will likely suffer immediate and irreparable harm for her and her two children." (*Id.*) The proposed Order to Show Cause requests that Defendants be "immediately and temporarily enjoined and restrained from not allowing [P]laintiff to build on said lot." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*,

2

556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Eleventh Amendment

To the extent that Plaintiff seeks damages against the DEC, this claim must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff does not allege that either of these exceptions apply. Accordingly, Plaintiff's claim for damages against the DEC is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### c. Plaintiff's claims are not ripe for review

Plaintiff's claims for injunctive relief are not ripe for review, therefore the Court lacks subject matter jurisdiction. Ripeness is a jurisdictional inquiry, and courts are obliged to consider ripeness issues first. *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 110 (2d Cir. 2009); *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). The court "must

presume that [it] cannot entertain [a plaintiff's] claims 'unless the contrary appears affirmatively from the record.'" *Murphy*, 402 F.3d at 347 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). For a claim to be ripe, "it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993)). In determining whether a case is ripe, the court is to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Murphy*, 402 F.3d at 347 (internal quotation marks omitted) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

In a land use dispute, the plaintiff has a "high burden" of proving that the court "can look to a final, definitive position from a local authority to assess precisely how they can use their property." *Murphy*, 402 F.3d at 347. To establish that a land use claim is ripe, a plaintiff must satisfy a two-pronged inquiry test. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985); *see also Kowalczyk v. Barbarite*, 594 F. App'x 690, 691–92 (2d Cir. 2014) ("In *Williamson*, the Supreme Court articulated a two-prong ripeness test applicable to Takings Clause claims arising from local land-use disputes."). "First, the local regulatory body must render a 'final decision' on the matter. Second, a plaintiff is required to seek compensation through an available state procedure before bringing suit in federal court." *Kowalczyk*, 594 F. App'x at 692–93; *see also Dean v. Town of Hempstead*, --- F. Supp. 3. ---, ---, 2016 WL 660884, at *13 (E.D.N.Y. Feb. 18, 2016) ("In *Williamson*, the Supreme Court held that a takings dispute is not ripe unless (1) the state regulatory entity has rendered a 'final decision regarding the application of the regulations to the property at issue,' and (2) the plaintiff has sought compensation by means of available state proceedings." (citing *Williamson*, 473

U.S. 186, 194)). The Second Circuit has explained that the final decision requirement ensures that "any review of [a] plaintiff's constitutional claims" will not proceed without:

> (1) development of a full record, (2) precise demonstration of how local regulations will be applied to particular property, (3) resolution of whether a variance or subdivision approval might provide the relief plaintiff seeks, and thus (4) would risk undue interference in "matters of local concern more aptly suited for local resolution."

*Lost Trail LLC v. Town of Weston*, 289 F. App'x 443, 445 (2d Cir. 2008) (quoting *Murphy*, 402 F.3d at 348). "In determining whether a decision is final, a court must determine whether a plaintiff has pursued all local administrative remedies available to him or her." *Javino v. N.Y. State Dep't of Envtl. Conservation*, No. 07-CV-574, 2013 WL 1946211, at *4 (E.D.N.Y. May 10, 2013) (citing *Goldfine v. Kelly*, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000)). The *Williamson* "final decision" requirement has been extended to land use disputes involving substantive due process claims. *Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 96–97 (2d Cir. 1992). The requirement has also been extended to equal protection and procedural due process claims. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002) (collecting cases); *see also Lost Trail*, 289 F. App'x at 445 ("Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated in *Williamson* . . . ." (first citing *Murphy*, 402 F.3d at 349; and then citing *Dougherty*, 282 F.3d at 88–89)).

Based on the allegations in the Complaint, Plaintiff has not satisfied the *Williamson* ripeness test. In the Denial Letter, Plaintiff was "advised that 6 NYCRR Part 621 provides that an applicant may request a public hearing if a permit is denied or contains conditions unacceptable to the applicant." (Denial Letter. 6.); *see also* N.Y. Comp. Codes R. & Regs. tit. 6, § 621.10(a) (providing applicants whose applications have been denied by the DEC an opportunity to request an adjudicatory hearing and requiring that the DEC commence such

5

hearings within forty-five days). Plaintiff was further advised that to seek redress through this available state procedure, she must make her request in writing "within thirty calendar days of the date of" the Denial Letter. (*Id.*) Plaintiff has not alleged that she pursued this next step by requesting a hearing or that a hearing was held. Thus, Plaintiff's claims are not ripe for review, and this Court lacks subject matter jurisdiction. *See Murphy*, 402 F.3d at 352 (finding that the plaintiffs' land use claim was not ripe because they had not requested a hearing from the zoning board of appeals); *Dean*, --- F. Supp. 3d. at ---, 2016 WL 660884, at *15 (finding that the plaintiffs' land use claim was not ripe because they did not appeal their initial rejection).

### III. Conclusion

Accordingly, the Complaint is dismissed. Fed. R. Civ. P. 12(h)(3), 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request for an order to show cause seeking immediate injunctive relief is denied. Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_s/ MKB_
MARGO K. BRODIE
United States District Judge

Dated: August 15, 2016
      Brooklyn, New York

6