UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

AUDREY HENSLER and PUTNAM
CONSTRUCTION, LLC,

       Plaintiffs,

    v.

NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION and
TAMARA A. GRECO,

       Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-3445 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Audrey Hensler, proceeding *pro se*, filed the above-captioned action against Defendants New York State Department of Environmental Conservation (the "DEC") and Tamara A. Greco on June 14, 2016 in the United States District Court for the Southern District of New York, asserting claims under 42 U.S.C. § 1983. (Compl., Docket Entry No. 2). Hensler filed a request for a Temporary Restraining Order ("TRO") and a Preliminary Injunction. (Docket Entry No. 3). The case was transferred to the Eastern District of New York on June 23, 2016. (Docket Entry No. 6.) By Memorandum and Order dated August 15, 2016 (the "August 2016 Order"), the Court, *sua sponte*, denied Hensler's request for a TRO and Preliminary Injunction and dismissed the Complaint because the Court lacked subject matter jurisdiction over the action. *Hensler v. N.Y. State Dep't of Envtl. Conservation*, No. 16-CV-3445, 2016 WL 4288520, at *1–3 (E.D.N.Y. Aug. 15, 2016). The Court granted Hensler leave to file an amended complaint to cure the jurisdictional defects. *See id.* Hensler subsequently retained counsel and filed an Amended Complaint, adding Plaintiff Putnam Construction, LLC ("Putnam") and a state

law claim for intentional interference with contractual relations. (Mot. for Leave to Appear, Docket Entry No. 15; Am. Compl., Docket Entry No. 16.) Defendants move to dismiss the Amended Complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 23; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 24.) For the reasons discussed below, the Court grants the motion and dismisses the Amended Complaint.

## I. Background

For the purpose of this Memorandum and Order, the Court assumes the truth of the factual allegations in the Amended Complaint. Hensler inherited real property at 401 Paterson Avenue, Staten Island, NY (the "Property"), which has been in her family's possession since 1938. (Am. Compl. ¶¶ 10, 12.) On May 20, 2015, Hensler sold the Property to Putnam. (*Id.* ¶ 14.) On November 20, 2015, Plaintiffs filed a permit application, seeking approval from the DEC to construct a building on the Property. (*Id.* ¶ 15.) Greco, an analyst from the DEC, issued a "Notice of Incomplete Application," informing Plaintiffs that the application was incomplete and, for several reasons, could not be approved as submitted. (*Id.* ¶¶ 16–17.) One of Putnam's engineers replied to the notice and attempted to provide the missing information. (*Id.* ¶¶ 18–20.) Nevertheless, on June 2, 2016, the DEC issued a letter denying Plaintiffs' application (the "Denial Letter"). (*Id.* ¶ 23; Denial Letter 6, annexed to Am. Compl. as Ex. D.) Plaintiffs allege that the DEC erroneously denied their application because (1) Putnam's engineer remedied the issues set forth in the notice, (2) the denial letter contains factually incorrect information and (3) the DEC has approved similar projects on similar properties in the neighborhood where the Property is located. (Am. Compl. ¶¶ 22–28.)

Plaintiffs bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated their Fifth Amendment rights, as applied to the states through the Fourteenth Amendment, by engaging in a regulatory taking of private property without just compensation. (*Id.* ¶¶ 29–32.) Plaintiffs also bring a state law claim for intentional interference with contractual relations. (*Id.* ¶¶ 33–38.) Plaintiffs seek damages and declaratory relief.[1] (*Id.* ¶¶ 32, 38, 39–42.)

## II. Discussion

### a. Standards of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the

---

[1] Plaintiffs do not specify the amount of damages they are seeking for the section 1983 and the contract claims, but allege that their damages for each claim exceed $75,000. (Am. Compl. ¶¶ 32, 38.)

pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

      **b.    The Court lacks subject matter jurisdiction over Plaintiffs' claims**

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims seeking damages because the claims are barred by Eleventh Amendment sovereign immunity and over their claims for declaratory relief because those claims are unripe. (Defs. Mem. 8–9.) Plaintiffs argue that they are not required to exhaust their state remedies for a section 1983 claim and that their claims are ripe for review because, *inter alia*, the state issued a final decision on their application and it would be futile for them to pursue any further state remedies. (Pls. Mem. in Opp'n to Defs. Mot. ("Pls. Mem.") 5–9, Docket Entry No. 22.)[2] The Court addresses each of Defendants' arguments below.[3]

            **i.    Plaintiffs' damages claims are barred by Eleventh Amendment sovereign immunity**

The Eleventh Amendment bars suits for damages against states, state agencies and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363

---

[2] Because Plaintiffs' Memorandum of Law is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

[3] Plaintiffs did not respond to Defendants' argument regarding Eleventh Amendment sovereign immunity, and therefore Plaintiffs abandoned their damages claims. *See Ying Li v. City of N.Y.*, No. 15-CV-1599, 2017 WL 1208422, at *34 (E.D.N.Y. Mar. 31, 2017) ("Not only does Plaintiff fail to respond to this argument, she does not discuss this claim at all, and therefore abandons it." (citations omitted)); *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2014 WL 4677120, at *8 (E.D.N.Y. Sept. 19, 2014) (collecting cases). The Court, however, exercises its discretion and addresses Defendants' Eleventh Amendment argument. *See Grassel v. Dep't of Educ. of City of New York*, No. 12-CV-1016, 2015 WL 6567343, at *9–10 (E.D.N.Y. Sept. 24, 2015) (analyzing claims that a plaintiff abandoned by failing to respond to the defendants' arguments); *Mejia v. United States*, No. 06-CV-5322, 2007 WL 2403049, at *4 (S.D.N.Y. Aug. 22, 2007) (same).

(2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States cannot be sued by private individuals in federal court." (citation omitted)); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (holding that a plaintiff's "Section 1983 claim [was] clearly barred by the Eleventh Amendment because [it was against] a state agency" (citing *Quern v. Jordan*, 440 U.S. 332 (1979))); *see also Browdy v. Karp*, 131 F. App'x 751, 752–53 (2d Cir. 2005) ("To the extent [the plaintiff] sues defendants in their official capacity as employees of [a state agency] his . . . claims for money damages are barred by the Eleventh Amendment." (internal quotation marks omitted) (first citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); and then citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984))). It is without question that New York has not waived its sovereign immunity in section 1983 suits. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) ("[T]he Supreme Court has ruled that Congress did not intend section 1983 to abrogate immunities well-grounded in history and reason." (alterations omitted) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993))); *see also Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (holding that New York had not waived its sovereign immunity and Congress had not abrogated its sovereign immunity in a section 1983 action).

Because neither New York nor the DEC has consented to a suit for damages in this action, the damages claims must be dismissed for lack of subject matter jurisdiction because the state, its agencies and its officials acting in their official capacity are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Garrett*, 531 U.S. at 363 (holding that Eleventh Amendment sovereign immunity bars any action for damages commenced in federal court by a citizen against a state); *Berman Enters., Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) (holding that, due to sovereign immunity, the district court lacked subject matter jurisdiction over

section 1983 and state law claims for damages against DEC officers in their official capacities); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390–91 (E.D.N.Y. 2013) (finding that section 1983 and state law damages claims "against the State of New York and the DEC are all barred the Eleventh Amendment" (citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990))); *New Holland Vill. Condo. Ass'n v. DeStaso Enters. Ltd.*, 139 F. Supp. 2d 499, 501–02 (S.D.N.Y. 2001) (dismissing a section 1983 claim for damages against the DEC based on Eleventh Amendment sovereign immunity).[4]

### ii. Plaintiffs' claims for declaratory relief are unripe

As discussed in the August 2016 Order, Plaintiffs' claims are not ripe until the DEC issues a final decision. *See Hensler*, 2016 WL 4288520, at *2–3. In the August 2016 Order, the Court dismissed Hensler's equitable relief claims for lack of subject matter jurisdiction on ripeness grounds because Hensler failed to appeal the DEC's denial of the application, and therefore there was no final decision on the application. *See id.* Plaintiffs did not appeal the DEC's decision after the August 2016 Order. (Pls. Mem. 8.) Instead, Plaintiffs argue that appealing the DEC's decision "would be futile" because the "administrative [] bodies would merely affirm" the denial. (Pls. Mem. 8.) For the reasons explained below, Plaintiffs have failed

---

[4] Defendants appear to argue that the Court should dismiss the section 1983 damages claims based on sovereign immunity and then decline to exercise supplemental jurisdiction over the state law contract claims for damages. (Defs. Mem. 8–11.) The Court, however, dismisses both the federal and state law claims for damages because sovereign immunity bars Plaintiffs from bringing any damages claims against the state, it agencies and its officials in their official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984) (holding that "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when — as here — the relief sought and ordered has impact directly on the State itself"); *Wang v. Office of Prof'l Med. Conduct, N.Y.*, 354 F. App'x 459, 460 (2d Cir. 2009) ("The district court correctly determined that [the plaintiff's] [section] 1981 claim was precluded by Eleventh Amendment immunity. [The plaintiff's] state constitutional and state law claims are similarly precluded." (citing *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541 (2002))).

6

to show that appealing the DEC's decision would have been futile, and therefore the Court dismisses Plaintiffs' declaratory relief claims as unripe.

Ripeness is a jurisdictional inquiry, and courts are obliged to consider ripeness before addressing the merits of a claim. *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 110 (2d Cir. 2009); *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). The court "must presume that [it] cannot entertain [a plaintiff's] claims 'unless the contrary appears affirmatively from the record.'" *Murphy*, 402 F.3d at 347 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). To establish that a land use claim is ripe, a plaintiff must satisfy a two-pronged inquiry test. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985); *see also Kowalczyk v. Barbarite*, 594 F. App'x 690, 691–92 (2d Cir. 2014) ("In *Williamson*, the Supreme Court articulated a two-prong ripeness test applicable to Takings Clause claims arising from local land-use disputes."). "First, the local regulatory body must render a 'final decision' on the matter. Second, a plaintiff is required to seek compensation through an available state procedure before bringing suit in federal court." *Kowalczyk*, 594 F. App'x at 692–93; *see also Dean v. Town of Hempstead*, 163 F. Supp. 3d 59, 77 (E.D.N.Y. 2016) ("In *Williamson*, the Supreme Court held that a takings dispute is not ripe unless (1) the state regulatory entity has rendered a 'final decision regarding the application of the regulations to the property at issue,' and (2) the plaintiff has sought compensation by means of available state proceedings." (citing *Williamson*, 473 U.S. at 194)). "In determining whether a decision is final, a court must determine whether a plaintiff has pursued all local administrative remedies available to him or her." *Javino v. N.Y. State Dep't of Envtl. Conservation*, No. 07-CV-574, 2013 WL 1946211, at *4 (E.D.N.Y. May 10, 2013) (citing *Goldfine v. Kelly*, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000)). A plaintiff "will be excused from obtaining a final decision if pursuing an

7

appeal . . . would be futile." *Murphy*, 402 F.3d at 349. An appeal is futile when the agency's appellate body "lacks discretion to grant variances, [] has dug in its heels and made clear that all such applications will be denied, . . . [or] if it sits purely as a remedial body." *Id.* (first citing *Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 98–99 (2d Cir. 1992); and then citing *Williamson*, 473 U.S. at 193). A "purely . . . remedial body" is one that is "empowered at most to review a rejection, not to participate in the decision making." *Id.* (internal quotation marks omitted) (quoting *Williamson*, 473 U.S. at 193).

Based on the allegations in the Amended Complaint, Plaintiffs have not satisfied the *Williamson* ripeness test. In the Denial Letter, Plaintiffs were "advised that 6 NYCRR Part 621 provides that an applicant may request a public hearing if a permit is denied or contains conditions unacceptable to the applicant." (Denial Letter 6); *see also* N.Y. Comp. Codes R. & Regs ("N.Y.C.R.R.") tit. 6, § 621.10(a) (providing that applicants whose applications have been denied by the DEC may request an adjudicatory hearing and requiring that the DEC commence such hearings within forty-five days). In addition, in the August 2016 Order the Court found that Hensler's section 1983 claim was unripe because she failed to appeal the DEC's denial of the application. *See Hensler*, 2016 WL 4288520, at *2–4. Nevertheless, Plaintiffs have not alleged that they pursued this next step by requesting a hearing or that a hearing was held. (*See* Am. Compl.)

Instead, Plaintiffs argue that appealing the denial "would be futile" because the "administrative [] bodies would merely affirm" the denial. (Pls. Mem. 8.) However, Plaintiffs have not argued that the DEC's appellate body lacks the discretion to vary the initial denial or "has dug in its heels and made clear that all such applications will be denied." *Murphy*, 402 F.3d at 349. Indeed, the Amended Complaint indicates the opposite, as Plaintiffs allege that the

8

DEC has approved applications for projects that are "similar in dimension and scope to the construction" for which Plaintiffs sought approval. (*See* Am. Compl. ¶ 25.) Nor have Plaintiffs' argued that DEC's appellate body "sits purely as a remedial body" that is "empowered at most to review a rejection, not to participate in the decision making." *Murphy*, 402 F.3d at 349 (quoting *Williamson*, 473 U.S. at 193). In any event, such an argument would be meritless, as the DEC appellate process involves a hearing before and decision by an administrative law judge, which an applicant may appeal to the DEC Commissioner. *See Benali, LLC v. N.Y. State Dep't of Envtl. Conservation*, --- N.Y.S.3d ---, ---, 2017 WL 2126204, at *2 (App. Div. May 17, 2017) (describing the appeals process under N.Y.C.R.R., tit. 6, § 621.10 for a permit application filed with the DEC.) Plaintiffs therefore fail to show that appealing the denial would have been futile, and as a result their claims are not ripe because they failed to appeal the denial of the application. *See Murphy*, 402 F.3d at 352 (finding that the plaintiffs' land use claim was not ripe because they had not requested a hearing from the zoning board of appeals and failed to show that an appeal would have been futile); *Dean*, 163 F. Supp. 3d at 78–79 (finding that the plaintiffs' land use claim was not ripe because they did not appeal their initial rejection). Accordingly, this Court lacks subject matter jurisdiction over the claims for declaratory relief.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss and dismisses the Amended Complaint.

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 14, 2017
      Brooklyn, New York